UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HAROLD BOWLSBEY<br><br>    Plaintiffs,<br><br>vs.<br><br>PATTERSON STRUCTURAL MOVING & SHORING, LLC, JEREMY PATTERSON AND GREG PATTERSON<br><br>    Defendants. | CIVIL ACTION NO.:<br><br>SECTION:<br><br>MAGISTRATE:<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

## INTRODUCTION

Plaintiff Harold Bowlsbey ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, Patterson Structural Moving & Shoring, LLC, Jeremy Patterson and Greg Patterson (collectively "Defendants"), and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq*., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, lost wages, compensatory damages, pre-judgment interest, and reasonable attorneys fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## VENUE

1

3. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391 because it is where Defendants are subject to personal jurisdiction, where Defendants do business in the State of Louisiana, and where the unlawful acts complained of occurred.

## PARTIES

4. At all times material hereto, Plaintiff was a resident of Louisiana.

5. At all times material hereto Defendant Patterson Structural Moving & Shoring, LLC was a Louisiana company. Further, at all times material hereto, this Defendant was, and continues to be, engaged in business in the Eastern District of Louisiana.

6. At all times material hereto Defendant Jeremy Patterson was, and continues to be, engaged in business in Orleans Parish, Louisiana. Jeremy Patterson is one of the managing members of Patterson Structural Moving & Shoring, LLC, was directly involved in the event giving rise to the claims set forth herein and is alleged to be jointly and solidarily liable with the remaining Defendants as a joint employer of Plaintiff.

7. At all times material hereto Defendant Greg Patterson was, and continues to be, a resident of the State of Louisiana and is engaged in business in Orleans Parish, Louisiana. Greg Patterson is one of the managing members of Patterson Structural Moving & Shoring, LLC, was directly involved in the event giving rise to the claims set forth herein and is alleged to be jointly and solidarily liable with the remaining Defendants as a joint employer of Plaintiff.

8. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

## PLAINTIFF IS SUBJECT TO THE PROVISIONS OF THE FLSA

9. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the enterprise coverage of the FLSA.

10. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

11. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

12. At all times material hereto, Defendants were the Plaintiff's "employers" within the meaning of FLSA.

13. At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of FLSA.

14. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

15. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## DEFENDANTS ARE PLAINTIFF'S JOINT EMPLOYERS

16. At all times material hereto, Defendants were Plaintiff's "joint employers" within the meaning of FLSA.

17. Specifically, Defendants were so intertwined as to be indistinguishable.

18. Defendants jointly exercised control over the Plaintiff's schedule, rate of pay, how he performed his job and the equipment he used to perform his jobs and jointly implemented the payroll and misclassification schemes complained of herein.

19. Specifically, Defendants signed contracts with clients in the Greater New Orleans Area to provide home elevation and structural moving services to their homes and businesses.

20. Defendants then retained persons, such as Plaintiff to perform these services for Defendants' clients.

21. Plaintiff had no ability to independently contract with clients; all of his business came from persons who had signed contracts for services with Defendants.

22. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

23. Defendants are in the business of providing home elevation and structural moving services to businesses and individuals.

24. In 2015, Plaintiff was hired by Defendants to perform and monitor the performance of home elevation and structural moving services according to precise terms and conditions set by Defendants. He worked for Defendants until approximately April of 2021.

25. Plaintiff had no independent authority outside the directions provided to him by Defendants.

26. Despite the fact that Plaintiff operated as an "employee" of Defendants and was referred to as the same, Defendants classified him as a "contractor" and issued him a 1099.

27. In this manner, Defendants avoided paying him overtime for hours worked in excess of 40 per week, despite the fact that Plaintiff routinely worked more than 40 hours per week for Defendants during the entire time he worked for them.

28. During Plaintiff's tenure with Defendants, Defendants exercised total control over the time, place and manner of his work. Plaintiff had no ability to control his schedule, the place or time he would work or who he would be working with during the time he spent working for Defendants.

29. Plaintiff's initial rate of pay while he worked for Defendants was $750 per week, but increased to $900 per week after six to eight months of employment with Defendants. Around February 2021, it was increased to $1,000 per week. Plaintiff was paid this flat weekly amount regardless of the number of hours Plaintiff worked per week.

30. In actuality Plaintiff regularly worked around 75 hours per week for Defendants, working around 13 hours Monday through Friday and 10 hours on Saturday. However, he was also essentially on call 24 hours a day and often worked Sundays, as well.

31. However, he was not paid time and one-half for any hours worked in excess of 40 per week, in direct violation of the FLSA.

32. Documentation concerning the number of hours actually worked by Plaintiff and the compensation actually paid to Plaintiff is in the possession and custody and control of Defendants.

33. Defendants have violated Title 29 U.S.C. §207 from at least 2015 and continuing through 2021 in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

  b. No payments, or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA;

  c. Defendants willfully and intentionally misclassified Plaintiff in an effort to avoid paying him the overtime pay that he was legally entitled to be paid; and

  d. Defendants have failed to maintain proper time records as mandated by the FLSA.

34. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## CAUSES OF ACTION

### COUNT I:  FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. § 201 *ET. SEQ.*

35. Plaintiff re-alleges and re-avers the previous paragraphs of the Complaint as if fully set forth herein.

36. From at least 2015 and continuing through April 2021, Plaintiff worked in excess of forty (40) hours per week for Defendants, but Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for these overtime hours.

37. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours.

38. At all times material hereto, Defendants failed to comply with Title 29 and United

States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiff as if he was exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that he was not exempt.

39. At all times material hereto, Defendants failed to maintain proper time records as mandated by the FLSA.

40. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when they knew, or should have known, such was and is due.

41. Defendants have failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

42. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

43. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**ATTORNEY'S FEES**

44. Plaintiff has retained the law firm of Jackson+Jackson to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

**CONSENT**

45. Plaintiff's consent to file this Complaint is evidenced by his signature on the FLSA

Consent Forms that is attached hereto as Exhibit "A".

## JURY DEMAND

46.   Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants Patterson Structural Moving & Shoring LLC, Jeremy Patterson and Greg Patterson:

a.   Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the provisions of the FLSA;

b.   Awarding Plaintiff overtime compensation in the amount due him for Plaintiff's time worked in excess of forty (40) hours per workweek;

c.   Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d.   Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e.   Awarding Plaintiff pre-judgment interest and legal interest to which he is entitled; and

f.   Awarding Plaintiff all other relief to which he is entitled.


Respectfully submitted,


/s/ *Mary Bubbett Jackson*
Jody Forester Jackson, (La. Bar No. 28938)
Mary Bubbett Jackson, (La. Bar No. 29110)
**JACKSON+JACKSON**

                                        201 St. Charles Avenue, Suite 2500
                                        New Orleans, Louisiana 70170
                                        T: (504) 599-5953
                                        F:  (888) 988-6499
                                        E: jjackson@jackson-law.net
                                              mjackson@jackson-law.net
                                        Attorneys for Plaintiff

**Please Serve:**

**Patterson Structural Moving & Shoring, LLC**
**Through its registered agent:**
**Smiley Law Firm**
**805 Arabella Street**
**New Orleans, LA 70115**

**Jeremy Patterson**
**Wherever he may be found**

**Greg Patterson**
**Wherever he may be found**